IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THERESE J. MONSEAU,

    Plaintiff,

v.                                             Civil Action No. 5:09CV45
                                                            (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, Therese J. Monseau, filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since August 1, 2003 because of idiopathic sensory neuropathy, fibromyalgia, hypertension, hypothyroidism, disc protrusion at C5-6, and osteophytes at C4-5 and C5-6.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on February 27, 2007, before Administrative Law Judge ("ALJ") William E. Kenworthy. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") Alina Kurtanich. On March 8, 2007, the ALJ issued a decision finding that the plaintiff had the following severe impairments: fibromyalgia and monoclonal

gammopathy resulting in sensory neuropathy; and the following non severe impairments: Reynaud's phenomenon and asthma.  The ALJ found that none of the impairments or combinations of impairments met the criteria for the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ determined that the plaintiff was not "disabled" within the meaning of the Act and therefore not entitled to SSI or DIB.  While the ALJ found that the plaintiff could not perform any of her past relevant work, she could perform a limited range of sedentary work, which would allow her to remain seated most of the workday and would require lifting no more than ten pounds occasionally.  The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner.  Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On November 20, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court.  Upon

submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In her motion for summary judgment the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred because he (1) found that the plaintiff could perform other generally available work by finding that she was not credible, that she exaggerated her symptoms, and by disregarding her testimony; and (2) had a disqualifying conflict of interest in that he, too, has Raynaud's phenomenon. The Commissioner contends

3

that the ALJ properly assessed the plaintiff's credibility and that the ALJ did not have a disqualifying conflict of interest.

Magistrate Judge Joel issued a report and recommendation, in which he held that: (1) substantial evidence supports the ALJ's findings that the plaintiff was not credible; (2) the Commissioner met his burden of producing valid vocational evidence of work that exists in the national economy that the plaintiff could perform; and (3) the plaintiff failed to show any actual bias on the part of the ALJ. Accordingly, based upon these findings, the magistrate judge held that the plaintiff was not disabled under the Social Security Act.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the magistrate judge (1) erred by failing to address the facts alleged by the plaintiff regarding the ALJ's bias and conflict of interest; and (2) erred by failing to address how the ALJ's bias affected his ability to properly address the plaintiff's credibility.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

The "determination of whether a person is disabled by pain or other symptoms is a two step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 404.1529, 416.929). The plaintiff must first show "by objective medical evidence a condition reasonably likely to cause the pain claimed." Hines v. Barnhart, 453 F.3d 559, 564 (4th Cir. 2006). If the plaintiff meets her threshold obligation, the plaintiff presents subjective evidence of "the intensity and persistence of [her] pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 95. While objective evidence is not required for the second part, objective evidence, medical or otherwise, is "crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Hines, 453 F.3d at 565 n.3. The plaintiff's allegations may not be discredited solely because there is no objective evidence to substantiate her allegations. Id. However, the allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." Id.

The ALJ properly evaluated the plaintiff's credibility under this two prong standard. As stated above, the ALJ found that the plaintiff did suffer from both severe and non-severe impairments, though no impairment or combination of impairments was a listed impairment. Because of this finding, the ALJ could move to the second step. The plaintiff testified that she suffered ulcers in her mouth and on her toes. She stated that these ulcers are a nuisance that sometimes "kind of affect" her speech. The record evidence shows that Dr. Alayli reported that the plaintiff did not report digital ulcers. The plaintiff argues that the ALJ egregiously erred by finding that the plaintiff's testimony regarding ulcers was not supported by substantial evidence. This Court finds that the plaintiff's testimony clearly indicates that the ulcers are more of a nuisance than a hindrance to daily activity. The record evidence shows that there is substantial evidence for the ALJ's determination.

The plaintiff also testified that the medications she takes make her drowsy to the point she cannot work. The medical treatment notes of her physicians do not reflect the level of severity described by the plaintiff. As the magistrate judge correctly notes, the record shows that the plaintiff was taken off Lyrica after experiencing extreme drowsiness. The record also shows that the plaintiff has not complied with the taking of Zanaflex. The ALJ found that the plaintiff could perform sedentary work, which is supported by substantial evidence in the record.

6

After a <u>de novo</u> review of the record, this Court agrees with the magistrate judge that there are several examples of a disparity between the medical evidence in the record and the plaintiff's complaints. This medical evidence includes: Dr. Wilson's examination indicating that the plaintiff could lift or carry in the light range of exertion and that she had good use of both hands in handling objects; Dr. Alayli's record that the plaintiff had an excellent hand grip; and two state agency physicians finding that the plaintiff had the physical residual functional capacity to perform a limited range of light work.

The record reflects that there is work in the economy for someone in the plaintiff's condition. The vocational expert that testified at the administrative hearing testified that there are jobs such as surveillance system monitor, telephone information clerk, and credit checker that could be performed without sustained concentration. Further, the VE testified that these sedentary jobs exist in significant numbers in the national economy. After a <u>de novo</u> review, this Court finds that the defendant has met his burden of producing valid vocational evidence of work that exists in the national economy that the plaintiff could perform.

The plaintiff additionally claims that because the ALJ suffers from the same condition as the plaintiff, the ALJ is biased. ALJs are presumed to be unbiased. <u>Schweiker v. McClure</u>, 456 U.S. 188, 195 (1982). However, this is a presumption the plaintiff can rebut. <u>Id.</u> at 196. An ALJ cannot conduct a hearing if he is

prejudiced or partial with respect to any party or has an interest in the matter. 20 C.F.R. §§ 409.940, 416.1440. The recusal standard for ALJs is a showing of actual bias. <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115 (9th Cir. 2003). As this Court has discussed above, the ALJ's decision was supported by substantial evidence. The plaintiff states that because the ALJ told the plaintiff after the hearing how he deals with his pain does not render him incapable of reviewing the record and rendering a fair judgment. This Court also does not find persuasive that the timing of the ALJ's announcement that he suffered from the same condition rendered him biased. This Court also believes that it is irrelevant that the ALJ did not write in the opinion that he suffers from the same condition. The ALJ examined the evidence and his conclusions are supported by substantial evidence. The plaintiff has not shown that any actual bias existed to influence the ALJ's decision in this case.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a <u>de novo</u> review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its

8

entirety.  Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   March 29, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE